UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JACK DONAHUE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:25-CV-0074 SPM |
| ) | |
| CLAY STANTON, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER OF TRANSFER**

Petitioner, who is presently incarcerated at Northeast Correctional Center (NECC) in Pike County, Missouri, filed a signed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court will transfer this case to the United States District Court for the Western District of Missouri.

In January of 2017, petitioner was charged with statutory sodomy in the first degree with a person under the age of 14, in the Circuit Court of Buchanan County, Missouri. *State v. Donahoe,* No. 18SL-CR00070-01 (29th Jud. Cir., Jasper County Court). On June 12, 2017, petitioner pled guilty and was sentenced to a term of twenty years of imprisonment in the Missouri Department of Corrections. *Id.* This is the judgment petitioner challenges in his § 2254 action currently before the Court.

Buchanan County is in the Western District of Missouri. 28 U.S.C. § 105(b)(3). NECC, where petitioner is currently incarcerated, is in the Eastern District of Missouri, Northern Division. 28 U.S.C. § 105(a)(2). Pursuant to 28 U.S.C. § 2241(d), the district courts for the Eastern District of Missouri and the Western District of Missouri have concurrent jurisdiction to hear this case. In circumstances such as this, the district court in which the petition was originally filed may, in the exercise of its discretion and in the furtherance of justice, transfer the case to the other district for

hearing and determination. *Id.* In addition, 28 U.S.C. § 1404(a) provides that a district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

Transfer of this action is appropriate because petitioner's constitutional claims are based upon a conviction entered in a circuit court located within the Western District of Missouri, the relevant records are located there, and if hearings are required, the Western District of Missouri would be more convenient for witnesses. In addition, the Court entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. *In re Business of the Court*, January 27, 1986. As such, the Court will therefore order that this case be transferred to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **provisionally granted** subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 4] is **DENIED without prejudice**. Petitioner may renew his motion in the United States District Court for the Western District of Missouri if he so chooses.

Dated this 28th day of October, 2025.

                                HENRY EDWARD AUTREY
                                UNITED STATES DISTRICT JUDGE